Dennis P. Conner (Bar No. 283)
Keith D. Marr (Bar No. 5999)
Gregory G. Pinski (Bar No. 5254)
J.R. Conner (Bar No. 36402194)
CONNER, MARR & PINSKI, PLLP
P. O. Box 3028
Great Falls, MT 59403-3028
Telephone: (406) 727-3550
Facsimile: (406) 727-1640
Email:  keith@mttrials.com
        dennis@mttrials.com
        greg@mttrials.com
        jr@mttrials.com

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| DAVID S. ZROWKA,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>BNSF RAILWAY COMPANY,<br>a Delaware corporation,<br><br>　　　　　Defendant. | Cause No. _____<br><br>**COMPLAINT** |

**COMES NOW** Plaintiff David S. Zrowka and alleges the following:

1. Plaintiff is a citizen and resident of Great Falls, Cascade County, Montana.

2. Defendant BNSF Railway Company ("BNSF") is a corporation organized under Delaware law. BNSF operates a railway company in interstate commerce and conducts business within the State of Montana. BNSF has tracks and facilities throughout Montana, including tracks and facilities in Great Falls, Cascade County, Montana, and engages in interstate commerce in the same.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and/or 28 U.S.C. § 1332(a) (civil action between citizens of different states where the matter in controversy exceeds $75,000, exclusive of interests and costs).

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because BNSF resides in this district and a substantial part of the events giving rise to this claim occurred in this district. Plaintiff is making a personal injury claim for being injured in his railroad workplace within the State of Montana. Under the Federal Employers' Liability Act, 45 U.S.C. § 51, *et seq.*, ("FELA"), venue and jurisdiction are proper in this district as this cause of action arose in this district and BNSF does business in this district. See 45 U.S.C. § 56.

## FACTUAL ALLEGATIONS

5. BNSF hired Plaintiff in approximately January 2014 to perform railroad work on premises and equipment owned by BNSF in Montana. Since January 2014, Plaintiff has worked as a conductor and/or engineer for BNSF at various locations throughout Montana.

6. Plaintiff has worked out of Great Falls, Montana, as a conductor and/or engineer since approximately October 2018. While working out of Great Falls, Plaintiff was typically assigned to the route between Great Falls and Laurel, Montana. The track between Great Falls and Laurel is notorious for defects and poor track conditions. The locomotives BNSF assigns to the run between Great Falls and Laurel are often old, in various states of disrepair (with excessive lateral movement, etc.), and contain operator seats in various states of disrepair.

7. On or about August 24, 2019, Plaintiff was the engineer on a two-person crew hauling a freight train for BNSF from Great Falls to Laurel, Montana. Within approximately 10-20 track miles of the Great Falls railyard, Plaintiff was operating the locomotive from the engineer's seat when he suffered sudden and intense back pain (an acute injury) that would not resolve during the trip. The jostling Plaintiff experienced during the remainder of the trip aggravated Plaintiff's condition and pain.

8. On or about August 25, 2019, Plaintiff was the engineer on a two-person crew hauling a freight train for BNSF from Laurel to Great Falls, Montana. During that trip, Plaintiff's back pain intensified. While on a railroad siding, a student engineer joined Plaintiff's crew. The student engineer operated the train while Plaintiff laid on the locomotive floor to relieve his back pain.

9. Plaintiff later reported his back injury to BNSF and was medically removed from service. Plaintiff underwent low back surgery in September 2019.

10. Plaintiff returned to work for BNSF in December 2019. Thereafter, despite knowledge of Plaintiff's back injury, BNSF assigned Plaintiff to conductor and/or engineer duties on the run between Great Falls and Laurel. Plaintiff suffered a new, acute back injury while working for BNSF in April 2020 and had to be removed from service again. Plaintiff underwent a second low back surgery in April 2020.

11. Plaintiff underwent a third low back surgery in January 2021 and has not returned to his conductor/engineer work at BNSF since April 2020.

## FIRST CAUSE OF ACTION

### Federal Employers' Liability Act (45 U.S.C. § 50, *et seq.*)

12. Plaintiff realleges paragraphs 1-11 in this First Cause of Action.

13. This cause of action arises under the FELA. The FELA provides the sole remedy for railroad workers injured on the job.

14. BNSF had a duty to provide Plaintiff with a reasonably safe place to work. BNSF had to maintain its locomotives, and all parts and appurtenances thereto, in proper and safe working conditions.

15. BNSF required Plaintiff to work in rough riding locomotives, on sections of bad track, with seats that were broken or in disrepair. These workplace conditions caused the back injuries Plaintiff suffered in August 2019 and April 2020 and/or permanently exacerbated preexisting back problems.

16. BNSF failed to provide Plaintiff with reasonably safe working conditions at all times relevant to this Complaint.

17. BNSF failed to adequately maintain the track in a reasonably safe condition between Great Falls and Laurel at all times relevant to this Complaint.

18. BNSF failed to ensure good ride quality in the locomotives it assigned Plaintiff to operate between Great Falls and Laurel at all times relevant to this Complaint.

19. BNSF violated the Federal Safety Appliance Act, the Federal Locomotive Inspection Act, and/or the Federal Railroad Safety Act with respect to the events of August 2019 and April 2020 by failing to install, remove, repair, and maintain safe materials and appliances to maintain the safety of locomotives and railroad rolling stock on and around which Plaintiff was required to work. The locomotives and railroad rolling stock were not in proper condition and not safe to operate in the active service to which they were put by BNSF without unnecessary peril to life or limb. The locomotives and railroad rolling stock were unfit for railroad service.

20. Plaintiff was a member of that class of persons who can invoke the provision of the Federal Safety Appliance Act, the Federal Locomotive Inspection Act, and/or the Federal Railroad Safety Act.

21. BNSF is strictly liable to Plaintiff for all damages caused by the violations of the Federal Safety Appliance Act and the Federal Locomotive Inspection Act.

22. As a result of BNSF's negligence, and violations of the Federal Safety Appliance Act, the Federal Locomotive Inspection Act, and/or the Federal Railroad Safety Act, Plaintiff suffered low back injuries, harm, and damages during the course and scope of his employment with BNSF.

## SECOND CAUSE OF ACTION

### Locomotive Inspection Act (49 U.S.C. § 20701, *et seq.*)

23. Plaintiff realleges paragraphs 1-22 in this Second Cause of Action.

24. This cause of action arises under the Federal Locomotive Inspection Act (49 U.S.C. § 20701, *et seq*).

25. BNSF had an absolute duty to maintain its locomotives and locomotive appurtenances in proper conditions such that they were safe to operate without unnecessary danger of personal injury.

26. At all times relevant to this Complaint, BNSF:

   a. Required Plaintiff to work in locomotives that produced significant and excessive lateral motion;

   b. Required Plaintiff to use locomotives which were not in proper condition and safe to operate in the service to which they were put;

    c. Required Plaintiff to use locomotives that had not been adequately and/or properly inspected;

    d. Required Plaintiff to use locomotives that were not free of conditions that endangered the safety of the crew;

    e. Failed to provide Plaintiff with adequate seating in its locomotive cabs; and

    f. Required Plaintiff to operate locomotives that were defective.

27. Plaintiff was a member of that class of persons who can invoke the provision of the Federal Locomotive Inspection Act.

28. The locomotives BNSF required Plaintiff to work in created an unnecessary danger of injury to Plaintiff.

29. BNSF's acts and/or omissions caused back injuries to Plaintiff in August 2019 and April 2020 and/or permanently exacerbated preexisting back problems.

30. BNSF is strictly liable for (1) breaching its duty to keep all parts and appurtenances of its locomotives in proper and safe working conditions without posing an unnecessary danger of personal injury and/or (2) failing to comply with regulations issued by the Federal Railroad Administration.

### THIRD CAUSE OF ACTION

**Negligent Work Assignment**

31. Plaintiff realleges paragraphs 1-30 in this Third Cause of Action.

32. This cause of action arises under the FELA. The FELA provides the sole remedy for railroad workers injured on the job.

33. Under the FELA, BNSF had a duty to protect Plaintiff from work that BNSF knew or should have known would subject Plaintiff to a particular risk of harm.

34. BNSF knew that Plaintiff was injured while working as a conductor and/or engineer on the run between Great Falls and Laurel in approximately August 2019.

35. In December 2019, following Plaintiff's first low back surgery, BNSF again assigned Plaintiff to work as a conductor and/or engineer on the run between Great Falls and Laurel, despite its knowledge of Plaintiff's injury history.

36. BNSF had a duty to assign Plaintiff to work that did not present an unreasonable risk of injury to Plaintiff.

37. Between December 2019 and April 2020, BNSF assigned Plaintiff to work that was hazardous to Plaintiff because of his physical condition. BNSF was negligent in assigning Plaintiff to this conductor and/or engineer work between Great Falls and Laurel because it knew, or should have known, of the special risk the work presented to Plaintiff.

38. As a result of BNSF's negligent work assignments, Plaintiff suffered additional low back injuries, harm, and damages during the course and scope of his employment with BNSF between December 2019 and April 2020.

39. As a result of BNSF's negligence, violations of the Federal Safety Appliance Act, the Federal Locomotive Inspection Act, and/or the Federal Railroad Safety Act, and the incidents set forth in the First, Second, and Third Causes of Action, Plaintiff suffered permanent, severe injuries to his low back. BNSF was negligent in causing these injuries by, among other things, assigning Plaintiff to perform unreasonably dangerous work; negligently failing to provide a safe place to work; failing to provide a safe method for doing the work; failing to provide suitable and safe equipment for doing the work; failing to inspect and maintain equipment necessary for doing the work; failing to warn of dangers existing in the workplace; failing to promulgate rules to do the work safely; failing to enforce existing rules; and generally failing to act prudently and reasonably.

40. As a result of BNSF's negligence, and violations of the Federal Safety Appliance Act, the Federal Locomotive Inspection Act, and/or the Federal Railroad Safety Act Plaintiff has incurred and will continue to incur: medical costs and expenses, loss of earnings and loss of earning capacity, physical and emotional pain and suffering, damage to his established course of life, and loss of personal and household services.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that the Court award damages as follows:

1. For reasonable compensation for Plaintiff's past and future medical and related expenses caused by BNSF's unlawful conduct;

2. For reasonable compensation for Plaintiff's lost earnings and loss of earning capacity caused by BNSF's unlawful conduct;

3. For reasonable compensation for Plaintiff's past and future physical and emotional pain and suffering caused by BNSF's unlawful conduct;

4. For reasonable compensation for Plaintiff's past and future loss of enjoyment of established course of life caused by BNSF's unlawful conduct;

5. For reasonable compensation for Plaintiff's past and future loss of personal and household services;

6. For costs and disbursements incurred herein; and

7. For such other and further relief as the Court deems just and proper.

DATED this 2nd day of June, 2021.

                CONNER, MARR & PINSKI, PLLP


            BY: /s/ Keith D. Marr
                 Keith D. Marr
                 P. O. Box 3028
                 Great Falls, MT 59403-3028
                 *Attorneys for Plaintiff*