## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## GREAT FALLS DIVISION

| | |
|---|---|
| DAVID S. ZROWKA,<br>　　　　　　Plaintiff,<br><br>vs.<br><br>BNSF RAILWAY COMPANY,<br>a Delaware corporation,<br><br>　　　　　　Defendant. | **CV-21-61-GF-BMM**<br><br><br>**ORDER** |

## INTRODUCTION

Before the Court are Defendant BNSF Railway Company's ("BNSF") motion *in limine* and three motions to strike Plaintiff's expert reports. (*See* Docs. 28, 30, 33, and 35). Defendant BNSF seeks to exclude 29 areas of discussion and categories of evidence from trial in its motion *in limine*. (Doc. 29). The Court grants BNSF's motions in part and denies the motions in part as individually delineated below.

## LEGAL STANDARD

A motion *in limine* is used to preclude prejudicial or objectionable evidence before it is presented to the jury. The decision on a motion *in limine* is consigned to the district court's discretion—including the decision of whether to rule before trial at all. *United States v. Bensimon*, 172 F.3d 1121, 1127 (9th Cir. 1999). A motion *in limine* "should not be used to resolve factual disputes or weigh evidence." *BNSF*

*R.R. v. Quad City Testing Laboratory, Inc.*, 2010 WL 4337827, at *1 (D. Mont. 2010). Evidence shall be excluded *in limine* only when it is shown that the evidence is inadmissible on all potential grounds. *See, e.g., Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004). Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context. *Quad City Testing Laboratory*, 2010 WL 4337827 at *1. "Although rulings on motions *in limine* may save time, costs, effort and preparation, a court is almost always better situated during the actual trial to assess the value and utility of evidence." *Id.* Rulings on motions *in limine* are provisional and the trial judge may always change their mind during trial. *Luce v. United States*, 469 U.S. 38, 41 (1984); *see Agan v. BNSF Ry. Co.,* 2022 WL 3700052, at *1 (D. Mont. Aug. 26, 2022).

## DISCUSSION

### I.      Defendant BNSF's Motion *In Limine* (Doc. 28)

**1. The Court should not permit Plaintiff to introduce evidence or argue that BNSF could have somehow provided a safer workplace or safer methods of work and that it was negligent for failing to do so.**

BNSF moves to exclude any evidence that it could have provided a safer workplace or safer alternative methods of work, on the grounds that such evidence is not probative as to whether it provided the Plaintiff reasonably safe methods, locations, and tools for work. (Doc. 29 at 8.) References and comparisons to potential

safer alternative methods of work can be relevant to what constitutes reasonable care. The jury cannot be expected to determine reasonability in a vacuum. The motion is denied.

**2.   The Court should not permit Plaintiff to offer evidence of other incidents or claims involving ride quality of railroad track sections and certain locomotive models.**

BSNF moves to exclude evidence of other incidents of claims involving the ride quality of BNSF railroad track sections and certain locomotive models. BNSF anticipates that Plaintiff, his witnesses, and his experts may attempt to introduce evidence, elicit testimony, or reference incidents or claims involving ride quality of sections of railroad tracks and certain models of locomotives. (Doc. 29 at 11.) BNSF asserts that Plaintiff also may attempt to introduce similar evidence for equipment and work locations other than those at issue in this case. (Doc. 29 at 11-14.)

Evidence of prior accidents is admissible for the purpose of proving "the existence of danger or defect and notice thereof." *Kalanick v. BNSF*, 788 P.2d 901, 905-06 (Mont. 1990); *Faulconbridge v. State*, 142 P.3d 777, ¶ 30 (Mont. 2006). Prior accidents need not be identical to prove notice and foreseeability. *Kalanick*, 788 P.2d at 905; *Faulconbridge*, ¶ 31. Evidence of other injuries is important because, under the Federal Employers Liability Act ("FELA"), Plaintiff must show that BNSF could foresee at least the potential for injury. *Gallick v. Baltimore & Ohio R. Co.*, 372 U.S. 108, 118-19 (1963). Evidence of injuries to other railroad employees shows not only

that BNSF had notice of the injuries, but that some form of injury to Plaintiff was foreseeable. The motion is denied.

### 3. The Court should not permit Plaintiff to offer evidence regarding other lawsuits or claims involving BNSF.

BNSF moves to exclude any evidence or argument regarding other lawsuits or claims involving BNSF. (Doc. 29 at 14-15.) Any incidents, claims, or lawsuits against BNSF, unrelated to this lawsuit, do not tend to make any fact material to this case more or less probable. Fed. R. Evid. 401. The motion is granted.

### 4. The Court should not permit Plaintiff to offer evidence of the financial standing of BNSF or Berkshire Hathaway.

BNSF moves to exclude evidence of BNSF's and Berkshire Hathaway's financial standing on relevance grounds. (Doc. 29 at 15-16.) BNSF asserts that evidence of or argument regarding the size, wealth, assets, properties, liabilities, ownership structure, or financial standing of BNSF or Berkshire Hathaway, or their ability to pay damages in this case, is not relevant to any material issue which pertains to BNSF's conduct in this lawsuit and would serve as inflammatory and prejudicial to BNSF without being probative. *See Papadopoulos v. Fred Meyer Stores, Inc*., 2006 U.S. Dist. LEXIS 81865, at *5-6 (W.D. Wash. 2006) (quoting *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977). Plaintiff does not intend to refer to the size or wealth of Berkshire Hathaway. Plaintiff may seek to ask potential jurors during *voir dire* if they have a financial interest in BNSF or its parent

company Berkshire Hathaway. (Doc. 42 at 10.) The Court agrees that this is permissible. The motion is granted except as to the *voir dire* issue.

### 5. The Court should not permit Plaintiff to introduce the legislative history of the Federal Employers' Liability Act (FELA).

BNSF moves to exclude FELA's legislative history. (Doc. 29 at 16.) BNSF points to no specific evidence or argument it seeks to exclude. The Court will not consider BNSF's overly broad motion on this issue at this juncture. The Court does not rule on evidence or argument in a vacuum in response to BNSF's generalized motion. Given the lack of specificity, the Court denies BNSF's motion and will reconsider contemporaneous objections as concrete issues arise.

### 6. The Court should not permit Plaintiff to testify about his fear of BNSF's alleged retaliation, retribution or discipline for reporting safety concerns.

BNSF moves to exclude evidence regarding Plaintiff's fear of BNSF's retaliation, retribution, or discipline for reporting safety concerns because such evidence is irrelevant, or in the alternative, its probative value is outweighed by its prejudicial effect on BNSF. (Doc. 29 at 17-18.) BNSF contends that Plaintiff may attempt to testify that he did not lodge complaints with BNSF related to the railroad track conditions or the locomotive engine problems that he claims led to his injuries because BNSF would retaliate or discipline him for doing so. (Doc. 29 at 17.) Without context provided through trial, the Court cannot determine that references

to insubordination or disciplinary procedures would be irrelevant and therefore reserves ruling on this motion. The motion is denied.

**7. The Court should not permit Plaintiff to offer evidence of Plaintiff's military service and honorable discharge.**

BNSF moves to exclude Plaintiff's military service or honorable discharge from the U.S. military. (Doc. 29 at 19.) Evidence of Plaintiff's military service or honorable discharge constitutes character evidence and normally would not be relevant and must be excluded unless BNSF seeks to impeach Plaintiff's character. *See Simonsen v. McClinton Energy Grp., LLC*, 2014 WL 5795498, at *2-3 (N.D. Okla. Nov. 6, 2014) (granting motion *in limine* to exclude evidence of plaintiff's military service given that it was not admissible under Rule 608 and not relevant under Rule 402). Plaintiff should not introduce this evidence during his case in chief unless and until BNSF attempts to impeach his character through cross-examination or otherwise. The Court will defer a final ruling on this motion until trial.

**8. The Court should not permit Plaintiff to argue that the jury should "send a message" to BNSF.**

BNSF moves for an order precluding reference to "sending a message" to BNSF. (Doc. 29 at 20.) It is well established in FELA jurisprudence that punitive damages are non-pecuniary and, therefore, are not recoverable under FELA. *See, e.g.*, *Kozar v. Chesapeake & Ohio Ry. Co.*, 449 F.2d 1238 (6th Cir. 1971) (vacating award of punitive damage in FELA case and stating "damages recoverable under

[FELA] are compensatory only" and "[i]t should also be noted that there is not a single case since the enactment of FELA in 1908 in which punitive damages have been allowed."); *Wildman v. Burlington N. R.R. Co.*, 825 F.2d 1392, 1395 (9th Cir. 1987) ("[P]unitive damages are unavailable under the FELA."). The motion is granted.

### 9. The Court should issue an order barring Plaintiff from referencing, implying, arguing, or otherwise that this case is his "one opportunity" to recover for his injuries.

BNSF moves the Court to issue an order barring Plaintiff from referencing, implying, arguing, or otherwise that this case is his "one opportunity" to recover for his injuries. (Doc. 29 at 20-21.) Should Plaintiff make this argument, BNSF may offer evidence of Plaintiff's receipt of Railroad Retirement Benefits and other benefits. The motion is denied.

### 10. The Court should not permit Plaintiff to describe the railroad industry as "dangerous" or generally unsafe.

BNSF seeks to bar references to the railroad industry in general as dangerous or unsafe. (Doc. 29 at 21-22.) BNSF asserts that this characterization would be improper and inaccurate. In the alternative, BNSF asserts that this characterization is irrelevant and would serve only to confuse the issues and impassion the jury against BNSF. *See* Fed. R. Evid. 401-403. (Doc. 29 at 21.) The relative dangerousness of the railroad industry is irrelevant to any specific issues presented in this case, including whether BNSF's alleged negligence caused Plaintiff's

injuries. (*Id*.) The motion is granted. BNSF may open the door to the introduction of this type of evidence, however, if it offers evidence of how the railroad industry is subject to extensive governmental safety regulation in addition to the passage of the FELA in the early 1900s, which imposed tort liability on railroads for unsafe working conditions.

**11. The Court should not permit the Plaintiff to refer to sanctions BNSF was subject to in other cases.**

BNSF moves to exclude any evidence that refers to sanctions BNSF may have been subject to in other cases. (Doc. 29 at 23.) BNSF asserts that such evidence would be irrelevant under Fed. R. Evid. 403 and improper under Fed. R. Evid. 404(b). (*Id.*) The Court reserves consideration of this issue until an evidentiary context develops at trial. Rule 404(b) acknowledges relevant circumstances in which such evidence may be admissible—i.e., proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

**12. The Court should not permit Plaintiff to mischaracterize his burden of proof or the standard of causation under the FELA.**

BNSF moves to exclude evidence and argument that would mischaracterize Plaintiff's burden of proof under the FELA as a "miniscule" or "scintilla" of evidence. (Doc. 29 at 24.) The Court will provide to the jury the appropriate burden of proof under the FELA through jury instructions reviewed by both Plaintiff and

BNSF. The jury will be instructed as to the correct burden of proof. The motion is denied.

### 13. The Court should not permit Plaintiff to rely of "Golden Rule" or "Reptile" type arguments.

BNSF seeks to preclude Plaintiff from using "golden rule" arguments and tactics based on the so-called "reptile theory." (Doc. 29 at 25). The golden rule refers to arguments that ask the jury to imagine themselves as the Plaintiff and grant the relief they would desire in that position. 75A Am. Jur. 2d *Trial* § 540. BNSF further contends that Plaintiff or his counsel may employ a tactic called "Reptile Theory" in which they argue that the jurors in this case may have the power to improve their own safety, that of their family and friends, or the community by rendering a verdict against BNSF that might remedy allegedly dangerous conduct or conditions. BNSF argues that this approach will prompt jurors to enter a "reptilian" survival mode, which has the effect of overpowering rationality or other executive cognitive functions when an individual perceives that their safety is at risk. *See* David Ball & Don Keenan, *Reptile: The 2009 Manual of the Plaintiff's Revolution* (1st ed. 2009). (Doc. 29 at 26.)

The Court grants the motion as to BNSF's golden rule argument and denies as to the reptile theory argument. The Court will instruct the jury to not make a decision based upon sympathy, passion or prejudice. The Court will not

categorically prohibit a trial strategy, particularly without any evidence or examples of how such a theory is likely to arise.

### 14. The Court should not permit Plaintiff to introduce evidence regarding damages that are not recoverable under the FELA.

BNSF moves to exclude evidence and argument about damages that are not recoverable under FELA, including loss of consortium and punitive damages (Doc. 29 at 27-29.) Punitive damages are not available in FELA cases. *Kozar v. Chesapeake & Ohio Ry. Co.*, 449 F.2d 1238, 1240 (6th Cir. 1971). As such, any reference or suggestion that punitive damages are available or that the jury should punish Defendant beyond a level commensurate to the injury suffered is inappropriate. The motion is granted.

### 15. The Court should not permit Plaintiff to offer evidence of, or comment on, his paid medical and hospital bills and expenses.

BNSF moves to exclude evidence and argument of Plaintiff's paid medical and hospital bills and expenses. (Doc. 29 at 29.) The Court agrees that previously paid medical bills are irrelevant. The motion is granted.

### 16. The Could should not permit Plaintiff to introduce evidence or argument about discovery disputes.

BNSF seeks to exclude any discussion of these motions *in limine* and any discovery disputes. (Doc. 29 at 29-31.) The Court agrees. The motion is granted.

**17. The Court should not permit Plaintiff to introduce evidence or argument regarding Plaintiff's gross wages.**

BNSF seeks to exclude evidence of Plaintiff's gross wages as part of his damages calculation because compensable past and future lost wage damages in FELA cases are limited to net wages after appropriate deductions, not including income tax. *See Norfolk & W. Ry. Co. v. Liepelt*, 444 U.S. 490, 498 (1980). (Doc. 29 at 31.) The Court will permit the admission of gross wages insofar as they are a necessary input for calculating net wages. "Gross wages have to be established in order to calculate net wage loss, and jurors are capable of understanding this calculation." *Shelpler v. Metro-North Commuter Railroad*, 2016 WL 1532251, 4 (S.D. N. Y. April 15, 2016); *Cash v. Union Pac. R.R. Co.*, 2010 WL 330354, 2 (E.D. Ark. Jan. 20, 2010). The motion is denied.

**18. The Court should not permit Plaintiff to introduce evidence that BNSF's locomotives are generally defective.**

BNSF seeks to exclude Plaintiff's evidence or argument that the model ES44 locomotives, or any other model of locomotives in BNSF's fleet, are generally defective. (Doc. 29 at 32.) The Court reserves consideration of this issue until an evidentiary context arises at trial.

**19. The Court should not permit Plaintiff to introduce out of court statements made to Plaintiff or his counsel regarding the source of his injuries or other medical conditions.**

BNSF moves the Court to exclude evidence of out of court statements made to Plaintiff regarding the cause of his injuries. (Doc. 29 at 32.) The Court reserves consideration of this issue until an evidentiary context arises at trial.

**20. The Court should not permit Plaintiff to introduce the opinions of Eckhardt Johanning, M.D. on Plaintiff's lifting restrictions.**

BNSF moves the Court to exclude Dr. Eckhardt Johanning's opinions on Plaintiff's lifting restrictions. (Doc. 29 at 34.) The motion is denied. As a retained witness, Plaintiff provided a Rule 26(a)(2)(B) disclosure for Dr. Johanning. Under Fed. R. Evid. 703, Dr. Johanning is permitted to base his opinions on facts or data of which he has been made aware, including medical information contained in the medical records. This motion requires evidentiary context at trial. The Court will consider any specific issues as they arise at trial.

**21. The Court should not permit Plaintiff to offer any opinion or argument comparing BNSF's conduct to any standards that do not arise under the FELA or the FRA.**

BNSF moves to exclude evidence concerning other institutional standards other than the FELA or the FRA, including but not limited to the National Institute for Occupational Safety and Health ("NIOSH") and American Railway Engineering and Maintenance-of-Way Association ("AREMA"). (Doc. 29 at 35.) The motion is denied. The Court can provide instructions to the jury that clarify that any other

standards outside of FELA or FRA are non-binding. In *Robertson v. Burlington Northern R. Co.*, a railroad employee sued Burlington Northern Railroad Company under the FELA for hearing loss. At trial, the district court admitted evidence of noise standards established by the Occupational Safety and Health Act ("OSHA"). It instructed the jury that the OSHA standards were not binding on Burlington Northern and could not, alone, establish negligence as a matter of law. The district court allowed the jury to consider, however, the OSHA standards along with the other evidence. 32 F.3d 408 (9th Cir. 1994).

**22. The Court should not permit Plaintiff to comment upon the number of law firms or attorneys representing BNSF.**

Defendant seeks to prevent Plaintiff from commenting upon the number of law firms or attorneys representing BNSF. (Doc. 29 at 36.) Plaintiff does not oppose Defendant's request. (Doc. 42 at 23.) The motion is granted.

**23. The Court should not permit Plaintiff to admit any of the reports or CVs of expert witnesses into evidence.**

Defendant seeks to prevent Plaintiff from admitting experts' reports or CVs into evidence. (Doc. 29 at 37.) Plaintiff does not intend to offer experts' reports and CVs into evidence. (Doc. 42 at 23.) The motion is granted. The ruling applies equally to both parties.

**24. The Court should not permit Plaintiff to introduce discovery following the January 6, 2023 deadline.**

BNSF asks the Court to preclude Plaintiff from seeking to admit documents not properly disclosed during discovery. (Doc. 29 at 37-38.) The Federal Rules of Evidence and Civil Procedure will govern the trial. The Court denies the motion as overbroad and speculative because Defendant has not demonstrated any tangible issue.

**25. The Court should not permit Plaintiff to introduce evidence or argument regarding BNSF's motion *in limine*.**

BNSF seeks to exclude any discussion of these motions *in limine*. (Doc. 29 at 38.) Plaintiff does not intend to offer evidence of BNSF's motions in limine. (Doc. 42 at 24.) The motion is granted and applies equally to both parties.

**26. The Court should not permit Plaintiff to introduce evidence that he was subject to an investigation and discipline by BNSF.**

BNSF moves to exclude evidence regarding Plaintiff's past record of discipline and an investigation conducted by BNSF for several incidents, including failure to stop at a stop signal and for exceeding the maximum authorized speed. (Doc. 29 at 38-39.) The motion is granted. The ruling applies equally to both parties. BNSF is also precluded from offering evidence of the purported violations.

**27. The Court should not permit Plaintiff to argue that BNSF prohibited or withheld inspection of a BNSF locomotive.**

BNSF moves the Court to prevent Plaintiff from arguing that BNSF prohibited or withheld inspection of a BNSF locomotive. (Doc. 29 at 40.) Plaintiff does not anticipate this becoming an issue at trial. (Doc. 42 at 24.) The motion is granted.

**28. The Court should sequester non-party witnesses not currently testifying.**

BNSF moves the Court to sequester any non-party witnesses not currently testifying. (Doc. 29 at 41.) Plaintiff does not oppose this motion. (Doc. 42 at 24.) The motion is granted.

**29. The Court should estop Plaintiff from asserting that he experienced an "acute" injury in April 2020.**

BNSF moves the Court to exclude Plaintiff's statements that he suffered an "acute" injury in April 2020. (Doc. 29 at 41.) BNSF asserts that equitable estoppel precludes a party from denying or asserting the contrary to any material fact which he has induced another to believe and to act on in a particular manner. *Monster Content, LLC v. Homes.com, Inc.*, 2005 U.S. Dist. LEXIS 32180, at *27. The Court reserves ruling on this motion until it arises in an evidentiary context at trial.

**II. Defendant BNSF's Motion to Strike Expert Report of Margot Luckman & Exclude Testimony at Trial (Doc. 30)**

BNSF moves the Court to strike Margot Luckman's expert report and exclude her testimony at trial. (Docs. 30 and 31.) BNSF argues that Ms. Luckman's

methodology as an expert witness does not meet the standards of *Daubert* or Fed. R. Evid. 702. (Doc. 31.) BNSF asserts that the Court should strike Ms. Luckman's expert report because: (1) Ms. Luckman did not conduct research to identify vocational options beyond what Plaintiff Zrowka's suggested; (2) Ms. Luckman did not consider other careers for which Plaintiff is educationally qualified; and (3) Ms. Luckman's expert report failed to cite to facts in the record to support her conclusions and altogether lacked a sufficient factual basis in the record to be considered valid under Rule 702. (Doc. 31 at 4-15.) Additionally, BNSF contends that Ms. Luckman is not qualified to make the medical diagnoses that she includes in her expert report. (*Id*. at 16-17.)

Defendant's motion is denied. Ms. Luckman's expert report may be admitted and her testimony is allowed at trial. District courts perform a "gatekeeping" function in determining the admissibility of expert testimony. *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579. 597 (1993). A court's Rule 702 inquiry is flexible, *Alexander v. Montana-Dakota Utilities Co.*, 2020 WL 6262101, 3 (D. Mont. October 23, 2020), and the inquiry should be characterized by a "liberal thrust favoring admission." *Messick v. Novartis Pharm. Corp.*, 747 F.3d 1193, 1196 (9th Cir. 2014). A trial court possesses broad latitude not only in determining whether an expert's testimony is reliable, but also in deciding how to determine the testimony's reliability. *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 982 (9th Cir. 2011).

Rule 702 requires that an expert have specialized "knowledge, skill, experience, training, or education. Fed. R. Evid. 702. A witness can qualify as an expert, however, through practical experience in a particular field, not just through academic training. *Rogers v. Raymark Indus., Inc.*, 922 F.2d 1426, 1429 (9th Cir. 1991). The U.S. Supreme Court concluded in *Daubert* that "would-be expert witnesses must demonstrate a 'reliable basis in the knowledge and experience of their discipline,' where 'knowledge connotes more than subjective belief of unsupported speculation.'" *Georges v. Novartis Pharms. Corp.*, 2012 U.S. Dist LEXIS 189173, at *6-7 (quoting *Daubert*, 509 U.S. 579 (1993)).

Ms. Luckman described her analytical methodology at her deposition and testified to her research and analysis in authoring her rehabilitation assessment report (Doc. 31-1) for Plaintiff. (Doc. 41.) The credibility and weight of Ms. Luckman's testimony and expert report should be weighed by a trier of fact. Courts should permit an expert witness "wide latitude" to offer opinions, so long as the opinion has a reliable basis in the knowledge and experience of the expert's discipline. *Alexander v. Montana-Dakota Utilities Co.*, 2020 WL 6262101, 3 (D. Mont. October 23, 2020). A court's responsibility as gatekeeper should not replace the adversary system or the jury's role in assigning weight, as "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof" are the appropriate means of challenging adverse evidence. *Id.* The motion to exclude is denied.

### III.   Defendant BNSF's Motion to Strike Expert Report of Dr. Eckhart Johanning & Exclude Testimony at Trial (Doc. 33)

BNSF moves the Court to strike Dr. Eckhart Johanning's expert report and exclude his testimony at trial. (Docs. 33 and 34.) BNSF argues that Dr. Johanning's conclusions lack a sufficient factual basis and analysis to be considered scientifically valid under Rule 702. BNSF further argues that Dr. Johanning's legal conclusions in the expert report are improper and should be struck and excluded at trial.

BNSF's motion as to Dr. Johanning's testimony and conclusions is granted in part and denied in part. Under Rule 702, an expert's testimony "need not be flawless for it to be reliable and admissible." *Feit v. Great-West Life and Annuity Ins. Co.*, 460 F. Supp. 2d 632, 636 (D.N.J. 2006). The credibility and weight of Dr. Johanning's testimony and expert report should be weighed by a trier of fact. *Ellenbecker v BNSF*, D. Neb. Case No. 4:19-CV-3038 (Order March 1, 2021) (holding that the factual basis for an expert's opinions go to credibility, not admissibility); *Carlson v BNSF*, D. Minn. Case No. 19-cv-1232 (Order January 4, 2022) (holding that disputes about the factual basis of an experts opinion implicate credibility, not admissibility, and holding that it is perfectly proper for an expert to rely on the plaintiff's testimony). Dr. Johanning appears as a highly qualified expert who has testified in numerous FELA cases. Cross examination of Dr. Johanning is the remedy, not exclusion.

Dr. Johanning's conclusions that BNSF violated the underlying regulations of the LIA, however, likely would be inadmissible as it invades the province of the jury. An expert witness cannot give an opinion as to her legal conclusion, i.e., an opinion on an ultimate issue of law. *Nationwide Transp. Fin. V. Cass Info Sys.*, 523 F.3d 1051, 1058 (9th Cir. 2008). When an expert's testimony "purports to interpret [a statute] and opine as to whether it was violated, this testimony is a 'legal conclusion' and is inappropriate for an expert to testify to." *Wells Fargo Bank, N.A. v. LaSalle Bank Nat'l Ass'n*, 2011 U.S. Dist. LEXIS 18323, at *5 (citations omitted).

## IV. Defendant BNSF's Motion To Strike Expert Report Of Brian Hansen & Exclude Testimony At Trial (Doc. 35)

BNSF moves the Court to strike Brian Hansen's expert report and exclude his testimony at trial. (Docs. 35 and 36.) BNSF provides the following reasons: (1) the conclusions in Mr. Hansen's expert report lack a sufficient factual basis in the record to be scientifically valid under Rule 702; (2) Mr. Hansen does not state the contents or perform an analysis of the case materials on which he relied to support his conclusions; (3) some of Mr. Hansen's assertions are irrelevant; (4) Mr. Hansen's comparisons of BNSF's conduct to his own subjective standard instead of the FELA standards is inappropriate; and (5) Mr. Hansen makes several legal conclusions that are improper and inadmissible. (Doc. 36.)

The Court denies BNSF's motion as to Mr. Hansen's report and testimony regarding all analysis and conclusions that are not stated legal conclusions. Mr.

Hansen's expert report should be admitted, and his testimony allowed at trial. The credibility and weight of Mr. Hansen's testimony and expert report should be weighed by a trier of fact. *Ellenbecker v BNSF*, D. Neb. Case No. 4:19-CV-3038 (Order March 1, 2021) (holding that the factual basis for an expert's opinions go to credibility, not admissibility); *Carlson v BNSF*, D. Minn. Case No. 19-cv-1232 (Order January 4, 2022) (holding that disputes about the factual basis of an experts opinion implicate credibility, not admissibility, and holding that it is perfectly proper for an expert to rely on the plaintiff's testimony).

BNSF's motion as to Mr. Hansen's legal conclusions in his expert report is granted. An expert's legal conclusions that BNSF violated the underlying regulations of the LIA likely would be inadmissible. "An expert witness cannot give an opinion as to her *legal conclusion*, i.e., an opinion on an ultimate issue of law." *Nationwide Transp. Fin. V. Cass Info Sys.*, 523 F.3d 1051, 1058 (9th Cir. 2008). When an expert's testimony "purports to interpret [a statute] and opine as to whether it was violated, this testimony is a 'legal conclusion' and is inappropriate for an expert to testify to." *Wells Fargo Bank, N.A. v. LaSalle Bank Nat'l Ass'n*, 2011 U.S. Dist. LEXIS 18323, at *5 (citations omitted).

**ORDER**

Accordingly, IT IS ORDERED that Defendant BNSF's Motion *in Limine* (Doc. 28) is GRANTED IN PART and DENIED IN PART.

IT IS FURTHER ORDERED that:

Defendant BNSF's Motion to Strike the Expert Report of Margot Luckman and Exclude Testimony at Trial (Doc. 30) is DENIED. This ruling is subject to reconsideration at trial.

Defendant BNSF's Motion to Strike the Expert Report of Dr. Eckhart Johanning and Exclude Testimony at Trial (Doc. 33) is GRANTED IN PART and DENIED IN PART. This ruling is subject to reconsideration at trial.

Defendant BNSF's Motion to Strike the Expert Report of Brian Hansen and Exclude Testimony at Trial (Doc. 35) is GRANTED IN PART and DENIED IN PART. This ruling is subject to reconsideration at trial.

DATED this 12th day of May, 2023.

_____
Brian Morris, Chief District Judge
United States District Court